■ ROBERT BALKEN et al., Respondents, v TOWN OF BROOKHAVEN, Appellant.—In an action to enjoin defendant from allowing noxious gas to seep onto plaintiffs' property from the town dump or, in the alternative, to compel defendant to condemn plaintiffs' property, and to recover damages, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered October 12, 1977, which is in favor of the plaintiffs in the principal amount of $36,400, upon a jury verdict. Judgment modified, on the law and as a matter of discretion, by adding thereto a provision conditioning the payment directed to be made therein upon plaintiffs' conveyance of the subject property to the defendant town. As so modified, judgment affirmed, without costs or disbursements. After being forced to abandon their home due to the presence of explosive levels of methane gas generated on an adjoining property formerly used by the Town of Brookhaven as a landfill site, plaintiffs brought the instant action seeking, *inter alia,* injunctive relief or damages. One of the theories put forth by the plaintiffs as a basis for recovery was the "inverse condemnation" of their property due to the permanent nuisance created by the gas, but on motion of the defendant town, this theory was removed from the jury's consideration and left for the trial court to determine. After the jury had returned a verdict in favor of the plaintiffs and awarded them the property's full "pre-nuisance" market value as damages, the town moved to dismiss the "inverse condemnation" cause of action. Trial Term granted that motion, as a result of which plaintiffs were not directed to transfer title to their property to the town. On the present record, an action for "inverse condemnation" was fully proved by the plaintiffs and judgment should have been predicated thereon. Thus, while the jury's verdict stands as a determination of damages, plaintiffs should have been required to convey title to their property to the defendant town (see *Pappenheim v Metropolitan El. Ry. Co.,* 128 NY 436, 444). Our modification is intended to effect this result. On this view of the case, conditional injunctive relief is not required. We note that on appeal, the town does not dispute either the dollar amount of damages or its duty to pay the award, but only requests that the plaintiffs not be permitted to retain both full monetary damages and title to the subject property. Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.